**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TERRY PADILLA,

      Plaintiff,

v.                                                                                  No. CIV-05-1276 BB/ACT

STATE OF NEW MEXICO,
GEORGE HARRISON,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule

12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint.  Plaintiff

is incarcerated, appearing pro se, and proceeding in forma pauperis.  For the reasons stated below,

the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon

which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6)

for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*,

925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se Complaint, the Court applies the

same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.

*See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the State of New Mexico and a private attorney as Defendants.  Plaintiff alleges that a New Mexico district judge illegally increased Plaintiff's criminal sentence by improperly including prior convictions in the calculation of the sentence.  Attorney Harrison violated certain of Plaintiff's constitutional protections by failing to investigate the facts underlying the sentence or to file an appeal as requested by Plaintiff.  The complaint seeks damages and an investigation.

The Plaintiff's claim of illegal sentence appears to call into question the constitutionality of the judgment by which Plaintiff is incarcerated.  This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.  The Complaint does not allege that the Plaintiff's sentence has been set aside, *see id*. at 486-87, and thus his allegations of illegal sentence fail to state a claim cognizable under § 1983.  *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2  (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  The Court will dismiss this claim without prejudice.

No relief is available on Plaintiff's claims against the named Defendants.  First, states are not " 'persons' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, No. 01-1415, 2002 WL 188962, at **1 (10th Cir. Feb. 7, 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989).).  And second, a private attorney, by virtue of being an officer of the court, is not a state actor, *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978), and so cannot be sued

under 42 U.S.C. § 1983 for actions taken in the course of representing a client.  *Lemmons v. Law*

*Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994).  Claims against Defendants State of

New Mexico and Harrison will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Plaintiff's claim of illegal sentence is DISMISSED

without prejudice; his claims against Defendants State of New Mexico and Harrison are DISMISSED

with prejudice; pending motions are DENIED as moot; and, pursuant to rule 58(a)(2)(A)(iii) of the

Federal Rules of Civil Procedure, judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE